UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

OBRA PIA LTD, et al.,

                            Plaintiffs,                        19-CV-07840 (RA)(SN)

        -against-                                     **ORDER**

SEAGRAPE INVESTORS LLC, et al.,

                            Defendants.
-----------------------------------------------------------------X
-----------------------------------------------------------------X

SEAGRAPE INVESTORS LLC,

                            Plaintiff,                         19-CV-09736 (RA)(SN)

        -against-

KALEIL ISAZA TUZMAN, et al.,

                            Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On December 13, 2019, the Honorable Ronnie Abrams referred these matters to my docket for general pretrial matters.

       By December 20, 2019, the parties are directed to file a joint status letter in both cases regarding the status of discovery. The letter should address whether the discovery schedule in 19cv7480 ("Obra Pia"), ECF No. 41, should also apply in 19cv9736 ("Tuzman") and, if not, how the parties wish to proceed with discovery in Tuzman.

       All pretrial applications, including those relating to scheduling and discovery, must comply with the Individual Practices of Judge Netburn, which are available on the Court's website https://nysd.uscourts.gov/hon-sarah-netburn.

All discovery (including requests for admissions) must be initiated early enough to be concluded by the deadline for all discovery. Discovery motions—that is, any application pursuant to Rules 26 through 37 or 45—must comply not only with paragraph I(b) of the Court's Individual Practices but also must be made promptly after the cause for such a motion arises. In addition, absent good cause, no such application will be considered if made later than 30 days before the close of discovery.

Any application for an extension of time with respect to any deadlines in this matter must be made as soon as the cause for the extension becomes known to the party making the application and must be made in accordance with paragraph I(g) of the Court's Individual Practices. The application must state the position of all other parties regarding the proposed extension and must show good cause for the extension. "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied.

**Settlement Conference**. In light of the Court's busy calendar, settlement conferences must generally be scheduled at least six to eight weeks in advance. The Court will likely be unable to accommodate last-minute requests for settlement conferences, and the parties should not anticipate that litigation deadlines will be adjourned in response to late requests for settlement conferences. Accordingly, the parties are encouraged to contact Courtroom Deputy Rachel Slusher with both parties on the line, at (212) 805-0286, to schedule a settlement conference for a time when they believe it would be productive.

**SO ORDERED**.

_____
SARAH NETBURN
United States Magistrate Judge

DATED: December 13, 2019
New York, New York