**Press Koral LLP**

641 Lexington Avenue, 13th Floor
New York, NY 10022

Matthew J. Press                                                                                   Cell (347) 419-0983
(212) 922-1111                                                                                  mpress@presskoral.com

August 27, 2020

**BY ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1506
New York, NY 10007

*Re:*     ***O Seagrape Investors LLC v. Kaleil Isaza Tuzman, et al.,* U.S.D.C., S.D.N.Y., Civ. Action No. 1:19-cv-09736 (the "Seagrape Action")**

*Obra Pia Ltd., et al. v. Seagrape Investors LLC and Edward V. Mullen,* **U.S.D.C., S.D.N.Y., Civ. Action No. 1:19-cv-07840 (the "Tuzman Action")**

Dear Judge Abrams:

        This firm is counsel to Seagrape Investors LLC and Edward V. Mullen (collectively, "Seagrape") in connection with the above two related actions. In response to the Court's orders dated August 21, 2020, the following is Seagrape's supplemental submission concerning the law governing the parties' claims in the two actions.

        Most claims in both actions are based on one or more of the Investment Agreement, dated as of May 1, 2013 (the "Investment Agreement,"), Addendum to Investment Agreement, dated as of September 19, 2014 (the "Addendum"), Credit Security Agreement, dated as of August 25, 2016 ("CSA") and Subordination Agreement, dated as of October 14, 2016 (the "Subordination Agreement"). Each of the Investment Agreement, CSA and Subordination Agreement is governed by an explicit choice of law clause, selecting the law of the State of New York. The Addendum, by its terms, is an addendum to the Investment Agreement, and thus also is governed by New York law.

        In addition to breach of contract claims, Plaintiffs Obra Pia Ltd., Obra Pia (US) Feeder, LP, Kit Capital Ltd. and Kaleil Isaza Tuzman (collectively, the "OP Parties") also assert two claims of breach of fiduciary duties against Seagrape. The OP Parties' Second Cause of Action alleges that Seagrape breached its fiduciary duties in its capacity as a ***lender*** under the Investment Agreement, Addendum, CSA and Subordination Agreement. Because this claim arises from a contractual relationship, it is Seagrape's position—set forth in its Memorandum of Law in Support of its Motion to Dismiss the First Amended Complaint, at 17-19—that it is governed by New York law.

        However, as set forth in Seagrape's MOL, at 19-20, the OP Parties' First Cause of Action, alleging a breach of fiduciary duties by Seagrape in its capacity as a ***limited partner*** in Obra Pia

(US) Feeder, LP ("OP Feeder"), a limited partnership organized under the laws of the British Virgin Islands ("BVI"), is governed by the law of the BVI. Under well-established choice-of-law rules, questions relating to the internal affairs of a business entity are decided in accordance with the law of the place of incorporation. *See Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 81 F.3d 1224, 1234 (2d Cir. 1996). This includes claims between and among owners for breach of fiduciary duty. *See City of Sterling Heights Police & Fire Ret. Sys. v. Abbey Nat., PLC*, 423 F. Supp. 2d 348, 363 (S.D.N.Y. 2006) (citing *Polar Int'l Brokerage Corp. v. Reeve*, 187 F.R.D. 108, 116 (S.D.N.Y.1999)). As alleged in ¶ 17 of the OP Parties First Amended Complaint, OP Feeder "is a limited partnership formed under the laws of the BVI." Thus, the internal affairs of OP Feeder are governed by the law of the BVI.

Consistent with the foregoing, Seagrape's causes of action for breach of fiduciary duty and aiding and abetting breach of fiduciary duty, to the extent that they arise from conduct by or relating to entities organized under the laws of the BVI, are governed by BVI law. *See Scottish Air,* 81 F.3d at 1234. To the extent the claims arise from conduct by or relating to entities not organized under the law of the BVI, it is Seagrape's position that the claims would be governed by New York law.

Finally, each of the OP Parties and Seagrape alleges claims of common law fraud, and Seagrape alleges a claim of federal securities fraud. These claims are related to the underlying contracts and are governed, respectively, by New York and United States law.

Respectfully Submitted,

Matthew J. Press