UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/9/2020
```

OBRA PIA LTD., et al.,

                Plaintiffs,

-v-

SEAGRAPE INVESTORS LLC AND EDWARD V. MULLEN,

                Defendants.

SEAGRAPE INVESTORS LLC,

                Plaintiff,

-v-

KALEIL ISAZA TUZMAN, et al.,

                Defendant.

19-CV-7840 (RA)
19-CV-9736 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Seagrape Investors LLC and Edward Mullen removed the Obra Pia Action, No. 19-cv-7840, to this Court on the basis of diversity jurisdiction. *See* Dkt. 9. In its Notice of Removal, Seagrape and Mullen assert that Seagrape is a "limited liability company organized under the laws of the State of Florida," with its place of business in Florida, and that Seagrape is "wholly owned by a Florida limited liability company, which in turn is owned by two Florida trusts, the beneficiaries of which are the minor children of Mullen, and the trustees of which are Mullen and his wife, each of whom is a citizen of the State of Florida." *See id.* ¶ 5-6. Similarly, other than with respect to its claim under Section 10(b) of the Exchange Act, Seagrape filed the Seagrape Action, No. 19-cv-9736, in this Court on the basis of "federal diversity jurisdiction under 28 U.S.C. § 1332(a)(2) to the extent that (1) [Seagrape] and its beneficial owners are based exclusively in the State of Florida and Defendants are citizens either of another state or of a

foreign country." *See* Dkt. 1 ¶ 21; *see also* Dkt. 35 ¶ 22. In the Seagrape Complaint, Seagrape again asserts that it is a "limited liability company organized under the laws of the State of Florida," with its place of business in Florida. *See* Dkt. 1 ¶ 9; Dkt. 35 ¶ 10.

Business entities, with the exception of corporations, assume the citizenship of their members for purposes of diversity jurisdiction. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-89 (1990). Here, the citizenship of Seagrape Investors LLC for purposes of diversity jurisdiction depends upon (1) the citizenship of natural persons who are members of the limited liability company ("LLC") and (2) the place of incorporation and principal place of business of any corporate entities who are members of the LLC. *See Handelsman v. Bedford Village Assocs. Ltd. P'Ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (finding incomplete diversity when plaintiff was a citizen of the same state as members of defendant limited liability company); *see also Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). Seagrape has not adequately alleged in either Action the members of its LLC. No later than September 11, 2020, Seagrape shall file a letter clarifying the citizenship of each constituent person or entity of Seagrape Investors LLC, as well as asserting whether Seagrape has any members other than Edward Mullen. Seagrape shall also file any supporting documentation regarding the members of its LLC no later than September 11, 2020.

SO ORDERED.

Dated:   September 9, 2020
         New York, New York

_____
Ronnie Abrams
United States District Judge