UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/21/20

SEAGRAPE INVESTORS LLC,

      Plaintiff,

v.

KALEIL ISAZA TUZMAN, et al.,

      Defendants.

*and*

OBRA PIA LTD. et al.,

      Plaintiffs,

v.

SEAGRAPE INVESTORS LLC, et al.,

      Defendants.

19-cv-9736 (RA)
19-cv-7840 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

  At the conference held on Thursday, December 17, 2020, the Court directed the parties to meet and confer and to file a joint letter regarding their proposed next steps in these two cases. The Court understood that the parties might not agree as to the next steps, but nonetheless asked counsel to speak and to provide a joint letter the following day. The parties did not do so. The Court notes that although counsel for Seagrape explained at the conference that he would not be available until Friday afternoon due to an oral argument, counsel for Obra Pia did not wait to confer with him and filed a letter unilaterally a day before the Court required it to be filed. Accordingly, it is hereby ordered that:

(1) No later than Tuesday, December 29, 2020, the parties shall meet and confer regarding the next steps in this litigation, with an eye to avoiding the need to litigate identical issues through multiple procedural vehicles. The parties shall file a joint letter of no greater than five pages, indicating agreement where possible and setting out the parties' respective positions where there is no agreement.

(2) In the joint letter, the parties shall propose a briefing schedule on Obra Pia's Rule 60(b) motion pending in the OP Action at Dkt. 90. In its most recent letters, Obra Pia asks the Court to issue an indicative ruling on the motion stating that the Court would grant it if it had jurisdiction to do so, or at least that the motion raises a substantial issue. *See* Fed. R. Civ. P. 62.1(a)(3). However, without the benefit of briefing on the motion, the Court declines to consider whether it would grant the motion or even whether it raises a substantial issue.

(3) In the joint letter, the parties should also propose next steps regarding the claims in the Seagrape action, including Seagrape's motion for summary judgment on its surviving breach-of-contract claim and Obra Pia's counterclaims. The parties should address whether the Court should hold Obra Pia's counterclaims in abeyance pending the Court's adjudication of the Rule 60(b) motion, as Obra Pia's ability to assert the counterclaims arguably depends on whether the Court grants Obra Pia leave to amend in the OP Action.

SO ORDERED.

Dated:  December 21, 2020
        New York, New York

Ronnie Abrams
United States District Judge