UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

┌─────────────────────────────────────────┐
│ **USDC-SDNY** │
│ **DOCUMENT** │
│ **ELECTRONICALLY FILED** │
│ **DOC#:** │
│ **DATE FILED:** 05/18/2021 │
└─────────────────────────────────────────┘

OBRA PIA LTD., KIT CAPITAL, LTD.,
OBRA PIA (US) FEEDER, LP, AND
KALEIL ISAZA TUZMAN,

                          Plaintiffs,

                v.

SEAGRAPE INVESTORS LLC AND
EDWARD V. MULLEN,

                          Defendants.

19-CV-7840 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

On September 25, 2020, the Court granted Defendants' motion to dismiss Plaintiffs' First

Amended Complaint, which asserted claims for breach of fiduciary duty, breach of contract,

breach of the covenant of good faith and fair dealing, and fraud, as well as for a declaratory

judgment as to certain terms contained in the parties' agreements. *See* Dkt. 85; *Obra Pia Ltd. v.*

*Seagrape Invs. LLC*, No. 19-CV-7840 (RA), 2020 WL 5751195 (S.D.N.Y. Sept. 25, 2020). The

Court closed the case and the Clerk of Court entered judgment for Defendants. *See* Dkt. 86.

Plaintiffs subsequently filed a notice of appeal. *See* Dkt. 88.

Now before the Court is Plaintiffs' motion for relief from judgment and for leave to file a

Second Amended Complaint, pursuant to Rules 60(b) and 15(a) of the Federal Rules of Civil

Procedure. *See* Dkt. 89. Because Plaintiffs have docketed a notice of appeal, this Court is without

jurisdiction, but retains the authority to entertain (and deny) a Rule 60(b) motion. *See Toliver v.*

*Cty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992); *see also* Fed. R. Civ. P. 62.1(a) ("If a timely

motion is made for relief that the court lacks authority to grant because of an appeal that has been

docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."). For the following reasons, the motion is denied.

## BACKGROUND

This action arises out of a series of agreements between Plaintiffs and Defendants concerning the development of a luxury hotel in Cartagena, Colombia. The Court assumes the parties' familiarity with the case's factual background, as documented previously by the Court in its previous opinion. *See* Dkt. 85. Some additional procedural context is necessary.

Plaintiffs commenced this action in state court in June 2019, and Defendants removed it to this Court in August 2019. *See* Dkt. 1. In response to Defendants' first motion to dismiss, in August 2019, *see* Dkt. 11, Plaintiffs amended their complaint. *See* Dkt. 19. Defendants again moved to dismiss the action in October 2019, *see* Dkt. 25; at that point Plaintiffs did not request leave to amend the operative complaint, and filed an opposition to the motion, *see* Dkt. 36. In their opposition to the motion to dismiss, Plaintiffs did not request as alternative relief that the Court grant them a second opportunity to amend. *Id.*

On September 25, 2020, the Court granted Defendants' motion to dismiss the First Amended Complaint in its entirety. With respect to Plaintiffs' claim that Defendants breached their fiduciary duties as equity partners (Count I), the Court noted the general principal that a conventional, arms-length business relationship does not give rise to fiduciary duties, and held that Plaintiffs had failed to adequately plead the existence of a partnership or joint venture that might give rise to fiduciary duties. Dkt. 85 at 22. With respect to Plaintiffs' claim that Defendants breached their fiduciary duties as creditors (Count II), the Court similarly held that Plaintiffs failed to sufficiently allege that the parties' borrower-lender relationship was one of "confidence, trust, or superior knowledge or control" such that fiduciary duties existed. *Id.* at 27 (quoting *In re Mid-Island Hosp., Inc.*, 276 F.3d 123, 130 (2d Cir. 2002)). As to Plaintiffs' breach

of contract claim (Count III), the Court held that Defendants' actions allegedly constituting a breach—declaring a default under the parties' "Subordination Agreement" and filing complaints with the SDS, a Colombian agency akin to the U.S. Securities and Exchange Commission—were permitted according to the terms of the relevant contract. *Id*. at 29. The Court dismissed Plaintiffs' claims for breach of the covenant of good faith and fair dealing (Count IV) because Plaintiffs did not sufficiently allege that Defendants sought to prevent the performance of the contract or to withhold its benefits from the Plaintiffs. *Id*. at 32. With respect to Plaintiffs' fraud claims (Count V), the Court held that Defendants' allegedly false statements at issue were made not to Plaintiffs but to third parties, and therefore that the claims could not lie. *Id*. at 35. The Court finally dismissed Plaintiffs' claim for a declaratory judgment (Count VI) because Plaintiffs' substantive claims had been dismissed. *Id*. at 37.

Having dismissed the First Amended Complaint in its entirety, and without any indication that Plaintiffs sought to amend the complaint, the Court directed the Clerk of Court to close the case. Dkt. 85 at 42.[1] The Clerk did so, and entered judgment for Defendants. *See* Dkt. 86. Several weeks later, on October 26, 2020, Plaintiffs docketed a notice of appeal. *See* Dkt. 88; *see also Obra Pia Ltd. v. Seagrape Investors LLC*, No. 20-3713 (2d Cir.). Four days after that, Plaintiffs filed the instant motion, seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b) and leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). *See* Dkt. 89. After the Court ordered briefing on the motion, Defendants filed an opposition memorandum on January 22, 2021, to which Plaintiffs replied on February 12, 2021. *See* Dkts. 94, 98. Throughout

---

[1] Although the Court's opinion was silent on the question of whether the claims were dismissed with prejudice, "the law deems such silence to mean dismissal with prejudice." *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 396 (S.D.N.Y. 2017) (citing *Lerma v. Falks*, 338 Fed. Appx. 472, 474 (5th Cir. 2009); *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 n.7 (2d Cir. 1991)).

this time, the parties have continued to litigate in the related action of *Seagrape Investors, LLC v. Kaleil Isaza Tuzman, et al.*, No. 19-CV-9736 (RA) (SN), which is currently before Magistrate Judge Netburn for purposes of discovery and settlement.

## LEGAL STANDARD

Plaintiffs' motion implicates the interaction of the federal rules governing vacatur of judgments with those governing requests for leave to file amended pleadings.

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Rule 60(b)(6) is "a catch-all provision that 'is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule.'" *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). "The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order—in this case,

Plaintiffs." *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08 Civ. 5048 (HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009).

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings and provides that, after a party has exercised its right to amend its pleading once as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave," *id*. (a)(2). "The court should freely give leave when justice so requires." *Id*.  Notwithstanding this liberal standard, however, a court may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (internal quotation marks omitted).

When a plaintiff moves pursuant to Rule 60(b) following the dismissal of the complaint, seeking both vacatur of the judgment and leave to file an amended complaint pursuant to Rule 15, the Court must consider the request in its discretion, balancing the interest in the finality of judgments against the otherwise liberal rules in favor of allowing amended pleadings. Although "the liberal spirit of Rule 15 [does not] necessarily dissolve[] as soon as final judgment is entered," *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011), the federal rules' "liberal amendment policy" must not be allowed to "swallow the philosophy favoring finality of judgments whole." *Metzler*, 970 F.3d at 146 (internal quotation marks and citation omitted).

For that reason, the Second Circuit has made clear that "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Accordingly, if there is no basis to vacate or set aside the judgment, the party should not be granted the opportunity to file an amended pleading. *Nat'l Petrochemical Co. of Iran v. M/T Stolt*

*Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991). Although the Second Circuit has observed in dicta that "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment," *id*., the Circuit has also made clear that the Rule 60(b) inquiry and the Rule 15(a)(2) inquiry are distinct, and that a court need only consider whether the proposed amendment would pass muster under Rule 15 once it has been satisfied that vacatur of the judgment is appropriate. *See Metzler*, 970 F.3d 133 at 136 (affirming the district court's denial of the plaintiffs' Rule 59(e) and Rule 60(b) motions, and therefore declining to reach the district court's "alternative holding" under Rule 15 that amendment of the complaint would be futile); *Janese v. Fay*, 692 F.3d 221, 229 (2d Cir. 2012) (concluding that the district court "properly denied the motion to amend following its denial of the motion for [relief from the judgment]"). In *Metzler*, the Second Circuit rejected the plaintiffs' argument that, under similar circumstances to those presented here, the district court should have weighed their postjudgment request to file an amended pleading solely under the liberal standard of Rule 15(a)(2). *Metzler*, 970 F.3d at 146.

That does not mean, of course, that a district court may disregard the amendment-friendly policy embodied in Rule 15 merely because judgment has been entered; "postjudgment motions for leave to replead must be evaluated with due regard to *both* the value of finality and the policies embodied in Rule 15." *Williams*, 659 F.3d at 213 (emphasis added). But as the Second Circuit has clarified, giving "due regard" to Rule 15's spirit does not mean giving "*sole* regard" to it, and in most cases that "due regard" is achieved by "ensuring plaintiffs at least one opportunity to replead." *Metzler*, 970 F.3d at 146. *Cf. Williams*, 659 F.3d at 211–212 (district court abused its discretion by denying a Rule 59(e) motion seeking leave to amend when the plaintiff was never given an opportunity to replead in the first instance).

Ordinarily a plaintiff should be granted leave to amend at least once after having the benefit of a court's reasoning in dismissing the complaint. In *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015), the Second Circuit held that the district court denied leave to amend in a procedurally improper manner when the plaintiffs were made to choose whether to amend their complaint in response to a short pre-motion letter from the defendants outlining their arguments for dismissal, or forfeit the opportunity to do so later. *Id*. at 190. "Without the benefit of a ruling," the Second Circuit noted, "many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Id*. By presenting plaintiffs with a choice between "agree[ing] to cure deficiencies not yet fully briefed and decided" or later "forfeit[ing] the opportunity to replead," the district court "violated the spirit of Rule 15." *Id*. at 190–191. *See also Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 833 (2d Cir. 2019) ("We have been particularly skeptical of denials of requests to amend when a plaintiff did not previously have a district court's ruling on a relevant issue."). The Second Circuit has not yet opined, however, on how the *Loreley* principle applies to requests for leave to amend made after the entry of judgment, when district courts are not obligated merely to weigh such requests under the liberal standard of Rule 15, but must also consider "the value of finality." *Williams*, 659 F.3d at 213.

## DISCUSSION

### I.    Jurisdiction

As an initial matter, the Court is obligated to note that because Plaintiffs have docketed a notice of appeal, it is without jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Consequently, the Court could grant

Plaintiffs' Rule 60(b) motion "only if [they] obtain[ed] permission from the circuit court." *Toliver,* 957 F.2d at 49. The Court is nonetheless empowered, however, to "entertain and *deny* the Rule 60(b) motion." *Id*. (emphasis in original). Rule 62.1 of the Federal Rules of Civil Procedure anticipates this scenario, and provides for the following procedures: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).[2] Only if the district court "decides in favor of [the Rule 60(b)] movant . . . is the necessary remand by the court of appeals to be sought." *Toliver*, 957 F.2d at 49. Because, for the reasons that follow, the Court denies Plaintiffs' Rule 60(b) motion, "it may properly do so without disrupting the Court of Appeals' jurisdiction and without first obtaining permission from the Second Circuit." *Apex Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, No. 11 CIV. 9718 (ER), 2017 WL 456466, at *6 (S.D.N.Y. Feb. 1, 2017).

## II.    Plaintiffs' Rule 60(b) Motion

As discussed above, "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo*, 514 F.3d at 191. Accordingly, Plaintiffs' motion can succeed only if they carry their burden to demonstrate entitlement to relief from judgment. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

---

[2] In the event that the district court states that it would grant the motion or that the motion raises a substantial issue, the movant must inform the Clerk of Court of the Court of Appeals pursuant to Rule 12.1 of the Federal Rules of Appellate Procedure, and the Court of Appeals may remand for further proceedings but retain jurisdiction. *See* Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1(b)–(c).

Instead of attempting to meet that burden head-on, Plaintiffs raise arguments grounded in the general standards for leave to amend under Rule 15(a). They assert that their proposed Second Amended Complaint would cure the deficiencies identified by the Court in its September 25, 2020 opinion, that leave to amend should be liberally accorded, and that Defendants cannot demonstrate undue delay, bad faith, or undue prejudice. *See* Dkt. 91 at 1–2. Although Plaintiffs' primary memorandum of law requests "an order granting relief from the September 2020 order pursuant to Fed. R. Civ. P. 60(b)," *id.* at 19, the opening brief otherwise barely mentions Rule 60(b) and its requirements.[3] By all but ignoring the "onerous" requirements of Rule 60(b), *Int'l Bhd. of Teamsters*, 247 F.3d at 392, Plaintiffs fail to account for the significance of the entry of judgment. *See Williams*, 659 F.3d at 213 ("Where . . . a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality."). As the Second Circuit made clear most recently in *Metzler*, a postjudgment motion for leave to amend "is [not] governed solely by the legal standard applicable to Rule 15(a)(2) motions," and giving "sole regard to Rule 15 . . . would allow the liberal amendment policy of Rule 15(a) to swallow the philosophy favoring finality of judgments whole." *Metzler*, 970 F.3d at 146 (citations omitted).

Only in their reply brief do Plaintiffs frame an argument within the standards of Rule 60(b). They argue that their proposed Second Amended Complaint relies on "documents and information made available to Plaintiffs during discovery"—documents which "were not readily available to Obra Pia or its counsel prior to the filing" of the complaint. Dkt. 98 at 2–3. In

---

[3] Plaintiffs' sole substantive mention of Rule 60 in their opening memorandum of law comes in one recitation of the straightforward proposition that "Rule 60(b) allows relief from a judgment or order when evidence has been newly discovered or for any other reason justifying relief from the operation of the judgment." Dkt. 91 at 7 (quoting *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1265 (2021)).

making such an argument, Plaintiffs appear to invoke Rule 60(b)(2), which provides that "the court may relieve a party . . . from a final judgment" by reason of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *See also Metzler*, 970 F.3d at 146 (applying this rule in the context of a post-judgment motion for leave to amend).

The Court does not find, however, that Rule 60(b)(2) has been satisfied. "The party seeking relief from judgment [under Rule 60(b)(2)] has an onerous standard to meet." *Int'l Bhd. of Teamsters*, 247 F.3d 370 at 392. As the Second Circuit recently reiterated, "The movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1265 (2021) (quoting *Int'l Bhd. of Teamsters*, 247 F.3d at 392). Plaintiffs do not, in anything more than a highly general and conclusory manner, point the Court to what new evidence, if any, was brought to light through the proposed amended complaint or how it bears on the deficiencies that the Court identified in dismissing the First Amended Complaint. For example, Plaintiffs' briefs do not explain how any documents or testimony unearthed through discovery bear on the Court's findings that Plaintiffs failed to allege the existence of fiduciary relationships between the parties. Plaintiffs do note that their proposed Second Amended Complaint "relies on subsequent decisions and orders arising from the Mullen Investors' wrongfully filed SDS Complaints in Colombia, which were not available until after Obra Pia filed its Complaint." Dkt. 98 at 3. But these allegations go to whether Defendants *breached* fiduciary duties, not to whether such duties *existed* in the first place, which was the basis for the Court's dismissal of the relevant counts of

the complaint. In reviewing Plaintiffs' proposed Second Amended Complaint, the Court could not discern which allegations, if any, might be based on "newly discovered evidence" of "facts that existed" at the time of the motion to dismiss of which Plaintiffs were "justifiably ignorant . . . despite due diligence." *Metzler*, 970 F.3d at 146. Merely filing a declaration with a proposed Second Amended Complaint, and asserting in a conclusory manner that new evidence justifies relief from judgment, is not, in the Court's view, sufficient to carry the movant's burden under Rule 60(b)(2).

Nor can the Court discern any basis to apply Rule 60(b)(6). As noted above, that provision "is properly invoked only when there are *extraordinary circumstances* justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Nemaizer*, 793 F.2d at 63 (emphasis added). Plaintiffs do not argue that "extraordinary circumstances" exist here, nor could they. *See In re Adient PLC Sec. Litig.*, No. 18-CV-9116 (RA), 2020 WL 6063556, at *5 (S.D.N.Y. Oct. 14, 2020) (noting the absence of support for the proposition "that a court's mere granting of a motion to dismiss—without specifically providing leave to amend—somehow rises to the level of 'extraordinary circumstances' or 'extreme and undue hardship' under Rule 60(b)(6)").

The Court might come out a different way if Plaintiffs had never had the opportunity to amend their complaint in the first instance. *See Metzler*, 970 F.3d at 144 (noting that *Williams v. Citigroup* stands for the proposition that "it is an abuse of discretion to deny a motion [for relief from judgment] when the plaintiff was never given an opportunity to replead in the first place"). That is not the case here. Plaintiffs filed an amended complaint in response to Defendants' first motion to dismiss. When Defendants filed a second motion to dismiss, Plaintiffs did not seek a second leave to amend, nor did they, in opposing that motion, argue that the Court should, as an

11

alternative to closing out the case, grant them an additional opportunity to amend. The Court is not, to be sure, suggesting that Plaintiffs' failure to request leave to amend on those occasions is, on its own, a sufficient reason to deny the Rule 60(b) motion. *See Williams*, 659 F.3d at 214 (citing *Foman v. Davis*, 271 U.S. 178 (1962)). But it is also plainly relevant to the Rule 60(b) inquiry that Plaintiffs were given, and on one occasion took advantage of, the opportunity to amend. *See Metzler*, 970 F.3d at 147 ("It seems to us to be self-evident that a plaintiff afforded attempt after attempt — and consequently, additional time to investigate — might one day succeed in stating a claim. But the federal rules and policies behind them do not permit such limitless possibility."); *see also State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld,* 921 F.2d 409, 418 (2d Cir.1990) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion [to grant leave to amend] more exactingly."). Under these circumstances, giving "due regard to both the value of finality and the policies embodied in Rule 15," *Williams*, 659 F.3d at 213, the Court declines to vacate the judgment.

In reaching this conclusion, the Court is mindful of the principle, set out by the Second Circuit in *Loreley*, that a plaintiff should ordinarily be given the opportunity to amend after learning from the district court in what respect the complaint is deficient. *Loreley*, 797 F.3d at 190–191. *See also 421-A Tenants Ass'n, Inc. v. 125 Ct. St. LLC*, 760 F. App'x 44, 50–51 (2d Cir. 2019) ("[I]t is often improper to deny leave to amend" when "the plaintiff lacks the benefit of a ruling from the court" and therefore may "not see the necessity of amendment."). Here, of course, Plaintiffs' request for leave to amend was made after the Court opined for the first time on the viability of their complaint. The Court nonetheless finds *Loreley* distinguishable, for two reasons.

First, *Loreley* did not arise on a Rule 59 or 60 motion for relief from judgment, and the Court is not aware of any Second Circuit opinions applying *Loreley*'s rule post-judgment, when Rule 15's "liberality must be tempered by considerations of finality." *Williams*, 659 F.3d at 213. Indeed, *Loreley*'s holding was premised on the court's understanding that it was "hew[ing] to the liberal standard set forth in Rule 15." *Loreley*, 797 F.3d at 190. But judgment has been entered here, and while that is not the end of the matter, the Court is entitled—indeed required—to give that factor some weight. *See Nat'l Petrochemical*, 930 F.2d at 245 ("[T]he liberal amendment policy of Rule 15(a)" should not be "employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."). The entry of judgment was the straightforward result of the Court's dismissal of the complaint, given that Plaintiffs had stated no interest in amending their complaint, either as a standalone response to Defendants' second motion to dismiss or in their papers opposing that motion.[4] Given that the entry of judgment was proper, and given that Second Circuit precedent makes clear that the entry of judgment is a moment of significance that meaningfully alters the standard for a request for leave to amend, *see Metzler*, 970 F.3d at 146, it strikes the Court as neither unfair nor inappropriate to deny Plaintiffs leave to amend under these circumstances, notwithstanding that their prior amendment and opportunities to amend preceded the Court's September 2020 opinion.

---

[4] The cases make clear that a district court cannot be said to err by entering judgment without *sua sponte* offering the plaintiff another chance to amend. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is 'freely granted,' no court can be said to have erred in failing to grant a request that was not made."); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir. 2004) (appellant's "contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous").

Second, Plaintiffs had an opportunity to seek leave to amend after Defendants' motion to dismiss was fully briefed, not merely (as in *Loreley*) after having received a short preview of Defendants' arguments. Some decisions post-*Loreley* suggest that, unlike the three-page pre-motion letters in *Loreley*, a fully briefed motion to dismiss can to some extent put a plaintiff on notice of deficiencies in the complaint. In *F5 Cap. v. Pappas*, 856 F.3d 61, 90 (2d Cir. 2017), for example, the Second Circuit rejected the plaintiff's claim "that it was entitled to a judicial resolution of the complaint before it could be expected to propose specific amendments." In *Pappas*, unlike in *Loreley*, the district court permissibly denied leave to amend because the plaintiff had "had an opportunity to amend in response to full briefing of the defendants' motion to dismiss, and failed, in its own briefing on the motion or by motion for leave to amend after the district court dismissed the case, to explain how it proposed to amend the complaint to cure its defects." *Id*. at 90. *See also Sec. & Exch. Comm'n v. Rio Tinto PLC*, No. 17-CV-7994 (AT) (DF), 2020 WL 2504008, at *8 (S.D.N.Y. Mar. 9, 2020) (emphasis added) (characterizing the rule of *Loreley* as stating that plaintiffs should ordinarily have the opportunity to amend "after a motion to dismiss has been decided (*or, at least, [has been] fully briefed*)"). While *Pappas* is of course distinguishable from the instant case because here Plaintiffs have endeavored to "explain how [they] propose[ ] to amend the complaint," it is nonetheless noteworthy that unlike in *Loreley*, Plaintiffs here could have sought leave to amend after seeing Defendants' fully-briefed arguments in support of their motion to dismiss. Those arguments subsequently formed the basis of the Court's decision on the motion to dismiss. *Compare* Dkt. 26 (Defendants' Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint) *with* Dkt. 85 (Opinion and Order Granting Motion to Dismiss). Indeed, each of the Court's reasons for dismissing the complaint's substantive counts were initially raised as arguments in Defendants'

motion papers. For those reasons, the Court finds that *Loreley* and its progeny do not prevent the Court from denying Plaintiffs' Rule 60(b) motion.

Because Plaintiffs have not shown their entitlement to relief from judgment pursuant to Rule 60(b), the motion is denied, and the Court need not even determine whether the motion would otherwise satisfy Rule 15(a)(2). *See Metzler*, 970 F.3d at 148 ("Because we conclude that the district court applied the correct legal standard to the plaintiffs-appellants' post-judgment motion by considering whether the plaintiffs were entitled to relief under Rules 59(e) or 60(b), and committed no abuse of discretion in denying the motion on the grounds that the plaintiffs had failed to identify an adequate basis for relief pursuant to those rules, we do not reach the district court's alternative holding that amendment would be futile or the plaintiffs-appellants' challenge to it."); *Janese*, 692 F.3d at 229 (concluding that the district court "properly denied the motion to amend following its denial of the motion for [relief from the judgment]"); *Adient*, 2020 WL 6063556, at *7 (denying "Plaintiffs' request for leave to amend the complaint pursuant to Rule 15(a) because leave to amend is only proper where the previously-entered judgment has been vacated pursuant to Rule 60(b)"). Nonetheless, the Court will proceed to analyze whether Plaintiffs' proposed amended complaint would succeed in stating a claim.

### III.    Futility of the Amendment

The prior analysis rests on the Court's view that, whatever merits Plaintiffs' motion might otherwise have had were the Court considering the motion "solely by the legal standard applicable to . . . Rule 15(a)(2) motions," *Metzler*, 970 F.3d at 146, Plaintiffs have not satisfied the "more exacting" standards that apply to such a motion made after the entry of judgment, *see State Trading Corp.*, 921 F.2d at 418. The Court finds in the alternative, however, that Plaintiffs' proposed amended complaint would be futile, such that the motion would be denied in any event. *See Williams*, 659 F.3d at 214 ("It is well established that 'leave to amend need not be granted

where the proposed amendment would be futile.'") (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 18 (2d Cir.1997)).

Plaintiffs seek leave to re-assert three substantive claims for (1) breach of fiduciary duties as an equity partner; (2) breach of fiduciary duties as a lender; and (3) breach of the implied covenant of good faith and fair dealing. Critically, Plaintiffs do not seek leave to reassert the breach of contract claim. *See* Dkt. 91 (recognizing that the claim was "clearly extinguishe[d] . . . as a matter of law"). The question, then, is whether Plaintiffs have adequately alleged that Defendants violated any fiduciary or implied duties owed to Plaintiffs, which existed separate and apart from the written contracts.

When there is a "'formal written agreement covering the precise subject matter of [an] alleged fiduciary duty,' there is no actionable tort for a breach of fiduciary duty." *Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 17 (2d Cir. 2014) (quoting *Pane v. Citibank, N.A.,* 797 N.Y.S.2d 76, 77 (1st Dep't 2005)). A party may not "obtain the benefit of the contractual bargain through an action in tort" by asserting violations of fiduciary duties. *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012). Similarly, when a claim for violations of the implied covenant of good faith and fair dealing "depend[s] on the same facts" as a breach of contract claim, it must be dismissed as duplicative. *19 Recordings Ltd. v. Sony Music Ent.*, 97 F. Supp. 3d 433, 439 (S.D.N.Y. 2015); *see also Goldblatt v. Englander Commc'ns, L.L.C.*, No. 06 CIV. 3208(RWS), 2007 WL 148699, at *5 (S.D.N.Y. Jan. 22, 2007) ("New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when it is based on the same facts as the breach of contract claim.").

The Court agrees with Defendants that Plaintiffs' fiduciary duty claims "tread on precisely the same ground as the parties' contracts," Dkt. 94 at 12, which the Court has held were

not sufficiently alleged to be violated. Plaintiffs' claims for breach of fiduciary duty center on Defendants' having "intentionally and wrongfully declared 'defaults' under the [CSA], despite having no right to redemption or repayment prior to the full payment of the outstanding Senior Loan." *See* Proposed SAC ¶ 186 (breach of fiduciary duty as an equity partner); *see id*. ¶ 214 (breach of fiduciary duty as a lender). Plaintiffs also allege that the fiduciary duties were breached when Defendants filed the SDS complaints. *Id*. ¶¶ 187, 215. These are actions that the Court held did not constitute a breach of contract. *See* Dkt. 85 at 31 (Defendants did not breach parties' Subordination Agreement when they "declar[ed] a default or fil[ed] the SDS Complaints or BVI Statutory Demand"). Accordingly, Plaintiffs are precluded from claiming that those same actions violated fiduciary duties between the parties. *See Perkins v. Am. Transit Ins. Co.*, 2013 WL 174426, at *11 (S.D.N.Y. Jan. 15, 2013) ("[A] plaintiff cannot pursue a separate breach of fiduciary duty claim based on allegations of fiduciary wrongdoing that are . . . expressly raised in plaintiff's breach of contract claim.") (internal citations and quotation marks omitted).

The Court similarly agrees with Defendants that Plaintiffs' implied covenant claim "is based on the same facts" as their breach of contract claim and should thus also be dismissed. *Goldblatt*, 2007 WL 148699, at *5. At the basis of that claim lies the allegation that Defendants "intentionally violated reasonable assumptions under the relevant agreements." Dkt. 98 at 8. Specifically, Plaintiffs allege that Defendants violated the reasonable assumptions that they "would perform their duties under" the parties' contracts and would not "undertake conduct that exceeded their rights pursuant to the relevant agreements," including by declaring default and making the SDS complaints. Proposed SAC ¶¶ 231–246. But as noted above, the Court found that those actions did not violate the written terms of the parties' agreements. Accordingly, Plaintiffs cannot raise a claim under the implied covenant for actions that comported with the parties' written agreements, as doing so "would be inconsistent with the terms bargained for by

the parties." *Merit Grp., LLC v. Sint Maarten Int'l Telecommunications Servs., NV*, No. 08-CV-3496 (GBD), 2009 WL 3053739, at *3 (S.D.N.Y. Sept. 24, 2009), *aff'd*, 378 F. App'x 116 (2d Cir. 2010). For that reason, Plaintiffs cannot now succeed in reasserting their implied covenant claim.

Finally, because leave to amend is denied with respect to the substantive claims, it is also denied with respect to the declaratory judgment claim. *See* Dkt. 85 at 38 (citing *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) ("[W]here a plaintiff's substantive claims are dismissed, a claim for a declaratory judgment—asserted as a separate cause of action—is properly dismissed as well.")).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Rule 60(b) motion for leave to file a Second Amended Complaint is denied. Defendants' request for an award of attorneys' fees and costs in connection with responding to this motion is also denied. The Clerk of Court is directed to terminate the motions pending at Dkt. 89 and Dkt. 99.

SO ORDERED.

Dated:     May 18 2021
           New York, New York

_____
Ronnie Abrams
United States District Judge